IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MCINTYRE,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 13-7237 |
| : | |
| **JOHN KERESTES et al.,** : | |
| Respondents. : | |

## O R D E R

On December 3, 2013, Richard McIntyre filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254 and requested counsel.  (Doc. Nos. 1, 2.)  I appointed counsel and denied his petition without prejudice.  (Doc. No. 3.)  He filed a counseled petition on April 25, 2014.  (Doc. No. 4.)  Petitioner claims that his trial counsel was ineffective for failing to raise various objections to the instructions given to the state court jury.  (Id.)  I referred the matter to Magistrate Judge Linda K. Caracappa, who recommends denying relief because Petitioner's counsel's actions were objectively reasonable and because Petitioner has not shown prejudice.  (Doc. No. 16); see Strickland v. Washington, 466 U.S. 668, 687-89 (1984).

No objections to the Report and Recommendation have been made. (Doc. No. 17.) Accordingly, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) Advisory Committee Notes; see also Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (the district court must "afford some level of review" when no objections have been made).  Having reviewed the Report, I see no clear errors.

Petitioner bases his first ineffectiveness claim on the trial court's failure to instruct the jury that the Commonwealth was required to prove each element beyond a reasonable doubt.

The Superior Court ruled that the instructions comported with state law, and I cannot revisit it. Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'") (citations omitted). Petitioner thus cannot overcome the strong presumption that his counsel's failure to object to the jury instructions fell below an objective standard of reasonablenesss. See id. ("Bound by the state court's determination that the instruction at issue comported with state law . . . [Petitioner] cannot overcome the 'strong presumption' that his counsel's conduct fell outside the 'wide range of reasonable professional assistance.'") (quoting Strickland, 466 U.S. at 689). Moreover, I agree with Judge Caracappa that the trial court clearly instructed the jury that Petitioner was presumed innocent and that the Commonwealth was obligated to prove his guilt beyond a reasonable doubt. (Doc. No. 16 at 10.)

Petitioner bases his next ineffectiveness claim on the trial court's failure to instruct the jury that their verdict had to be unanimous. As Judge Caracappa found, the jury was polled and the verdict was unanimous. Accordingly Petitioner has not shown prejudice. See Strickland, 466 U.S. at 687.

Petitioner bases his next ineffectiveness claim on the trial court's failure to instruct the jury on suicide. I am bound, however, by the Superior Court's state-law determination that the evidence was insufficient to warrant an instruction that the victim was suicidal or had killed herself. Priester, 382 F.3d at 402. Moreover, as the Superior Court ruled, the jury was aware throughout the trial that it could acquit Petitioner if it found that the victim had committed suicide. Accordingly, Petitioner has not shown that he suffered prejudice.

Petitioner bases his final ineffectiveness claim on counsel's failure to request a voluntary

manslaughter instruction.  Trial counsel actually requested this instruction and objected when the trial court declined to give it.  Moreover, in his counseled brief, Petitioner offers no supporting argument respecting this claim, which is waived.  <u>Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.</u>, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue . . . will not suffice to bring that issue before this court.'") (citation omitted).

**AND NOW**, this 26th day of October, 2015, it is hereby **ORDERED** that:

1. The Petition for a Writ of Habeas Corpus (Doc. No. 4) is **DENIED**;
2. The Magistrate Judge's Report and Recommendation (Doc. No. 16) is **APPROVED AND ADOPTED**; and
3. Because Petitioner has not made a substantial showing of the denial of a constitutional right, there are no grounds on which to issue a certificate of appealability.
4. The Clerk shall **CLOSE** this case.

                                                            **IT IS SO ORDERED.**

                                                      */s/ Paul S. Diamond*

                                                      Paul S. Diamond, J.